## CALVIN C. WALKLING

### vs.

## GEORGE E. ENSOR, TRADING AS THE BALTIMORE REALTY COMPANY.

*Real Estate Broker—Action for Commissions—Averment as to License—Evidence.*

That the declaration, in an action by a real estate broker for commissions, failed to aver that plaintiff had a broker's license, *held* not to render the overruling of a demurrer thereto reversible error, although Acts 1918, ch. 493, sec. 699A, makes a contract for the payment of commissions to a real estate broker unenforcible and void if he has not first obtained a license as such.                                                        pp. 499-501

Where a defendant, relying upon a supposed technical defect in the allegations or proof of the plaintiff, withholds an absolutely conclusive defense, known to him at the time of trial, and then immediately available to him without inconvenience or expense, the principle that any doubt that may exist as to the validity or force of objections presented on appeal is to be resolved in favor of sustaining the judgment appealed from, should be applied with more than ordinary emphasis.      p. 500

In a suit by a real estate broker for commissions, the action of the lower court in allowing the plaintiff to testify that he had a broker's license, and in refusing to require record evidence of that fact, *held* not to constitute reversible error, it being presumed that, if there had not been a license, defendant would have proved that fact by records known to him to be readily accessible, and that he would not have stood on a mere technicality.                                                        p. 501

*Decided May 5th, 1921.*

Appeal from the Superior Court of Baltimore City (DUFFY, J.).

. The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Charles Jackson,* with whom were *Jackson & Jackson* on the brief, for the appellant.

*Frank G. Turner,* for the appellee.

ADKINS, J., delivered the opinion of the court.

This is a suit for commissions by a real estate broker under a contract for the sale of certain houses.

By the provisions of the contract, Calvin C. Walkling, the appellant, appointed George E. Ensor, trading as the Baltimore Realty Company, the appellee, his sole and exclusive agent for the sale of certain real estate in Baltimore City for a period of one month, and agreed to pay him for his services an amount equal to two and a half per cent. of any sum the owner might accept for said property during the term of said agency, whether a sale should be made by appellee, or appellant, or any other person or firm.

The property was sold by appellant within the period of the said agency for $30,000, but he refused to pay appellee commissions, whereupon suit was docketed. The *narr.* contains the common counts and a seventh count, as follows:

> "And for that on the 15th day of August, 1919, the defendant herein entered into a contract with the plaintiff, the Baltimore Realty Company, by which, in consideration of the plaintiff listing and endeavoring to sell the property of the defendant located at and known as 2330 to 2336 McElderry Street, the defendant herein constituted the plaintiff the sole and exclusive agent for one month to sell said property and agreed to pay for the services of the Baltimore Realty Company a sum equal to 2½% of any sum which the said defendant should receive for said property during the term of the said sole and exclusive agency, whether a sale

is made by said plaintiff or defendant or any other person or firm. That the said plaintiff has listed said property, has expended sums of money in advertising, etc., property and has made diligent efforts to sell said property; that the said property was sold by the defendant herein during the term of the sole and exclusive agency provided for in the aforesaid contract for the sum of $30,000; notwithstanding proper demand having been made for the amount due the plaintiff, the defendant has refused and still refuses to pay same."

Defendant pleaded the general issue pleas to the common counts and demurred to the seventh count. The demurrer was overruled, whereupon defendant filed the general issue pleas to this count also. The case was tried before the court, sitting as a jury.

There is but one bill of exception, which grew out of the following examination of George E. Ensor, the plaintiff, as a witness in his own behalf: "Q. Are you a real estate broker, licensed broker? A. Yes, sir. Q. How long have you been in the real estate business? A. A little over a year. (Mr. Jackson, attorney for the defendant): Just a minute, right here. If your Honor please, I am objecting; I would like to see whether or not he is a licensed broker. We object to the question. (Objection overruled.) (Mr. Jackson): It is a matter of record. (The Court): I know, but it is admissible for a man to say that he is a licensed broker. That is a fact generally admissible in evidence. The witness can prove by his own statement that he is a licensed real estate broker. If the defendant wishes to show that the plaintiff is not a licensed real estate broker, the defendant can produce the records of the Court of Common Pleas to show that fact. The testimony of the plaintiff that he is a broker is sufficient to prove this fact. (Mr. Jackson): But the act says that a man must do certain things to obtain commissions for a sale—he must be a licensed broker. Being a licensed broker must be

a matter of record, if your Honor pleases, and that should be shown by that matter of record, and not by the mere statement of the man himself. It can be proved by a matter of record, and so on that ground I move, sir, that the question be stricken out, the question and answer. (The Court) : No, I will overrule the objection."

There appears in the record a certificate of the court, following the bill of exception, of the following cross-examination of the witness: "(Question by Mr. Jackson) : Mr. Ensor, you said you are a licensed broker? Have you your license with you? A. No, sir; I do not carry them with me; they are hanging up in my office."

The most important question to be decided is: Should the demurrer to the declaration have been overruled? The ground of the demurrer, of course, was the failure to allege that plaintiff was a licensed broker.

Section 699A of Chapter 493 of the Acts of 1918 provides as follows:

"It shall be unlawful for any person, corporation or copartnership to carry on the business of real estate broker in the City of Baltimore without first obtaining such license as is prescribed by section 695 of this article. Any person, corporation or copartnership who shall in Baltimore City on behalf of another for reward or remuneration of any kind undertake to purchase, sell, lease, mortgage, exchange or deal in real estate or any interest therein, shall be deemed to be carrying on the business of real estate broker within the contemplation of this article. And every contract, agreement or undertaking hereafter made by any person to pay such unlicensed person, corporation or copartnership a commission or other remuneration of any kind for such undertaking shall be unenforcible and void."

Section 696 makes the carrying on of the business of, or acting as, a real estate broker without a license, a misdemeanor, punishable by fine.

In 22 *Corpus Juris,* 148, it is said: "In an action on a contract, the validity of which depends on whether one of the parties was licensed to transact the particular business to which the contract related, it will be presumed that he was duly licensed."

And in 16 *Cyc.* 1082: "The presumption against illegality, and its equivalent expression that there is no presumption against legality, or in favor of illegality, that there is a presumption in favor of legality, that facts consistent with legality are presumed to exist, or that when a situation is explanable on the basis of legality it will be assumed that such is the true explanation, present a rule of administration that he who claims the existence of illegality must prove it."

And in 10 *R. C. L.* 875: "Revenue laws are presumed to have been complied with when nothing appears to the contrary."

The decisions in this country are not uniform as to whether the burden is upon one who seeks to enforce a contract, the validity of which depends upon a license, to prove that he has been licensed; or whether it is a matter of defense for one who attacks the validity of the contract. See 8 *L. R. A. (N. S.)* 1238 note.

We have been referred to no decision in this State directly in point and we have found none; but there are several cases wherein a like principle is involved.

In *Brewer* v. *Bowersox,* 92 Md., at p. 574, it is said: "Where an act may be innocent or culpable, as antecedent circumstances makes it the one or the other, and those antecedent circumstances are not disclosed, the plainest dictates of justice require that the act shall be treated as an innocent act. And so when the alternative is as to whether the act is rightful or wrongful, the act being one that may be either according to its environments, and there is nothing to show that it is wrongful, the natural and the general presumption, founded on observation and experience, is that it was rightful."

In *Fuhrman* v. *Fuhrman,* 115 Md. 436, the suit was by the assignee of a promissory note assigned to him by an ad

ministrator in his representative capacity. It did not appear that the sale of the note had been authorized by the Orphans' Court under Article 93, Section 281 of Code of 1904, which provides that any sale made without such order previously had shall be void, and that no title shall pass thereby to the purchaser. An instructed verdict for defendant was asked for. Held, that the prayer was properly refused, citing *Brewer* v. *Bowersex, supra.*

In *Hagerstown Brewing Company* v. *Gates,* 117 Md. 348, this Court said: "When it is admitted that contracts like the one in question are not outside of the powers of the corporation, and that they may be made by it under certain conditions, it will be presumed, in the absence of proof to the contrary, that those conditions existed."

In view of these decisions it can be safely said, at least, that the overruling of the demurrer in this case was not reversible error.

The statutory requirement as to license was presumed to be known to the defendant as well as to the plaintiff; and the evidence as to the compliance or not with that requirement was available equally to both parties.

Although it is the better practice, even if not necessary, in such cases, for the plaintiff to allege compliance, to send this case back for a new trial would be to encourage a practice which would involve both the State and litigants in entirely unnecessary and unjustifiable expense.

We must not be understood as in any way modifying the rule that a defendant has the right to rely upon substantial defects either in the pleadings or in the case made out by the plaintiff. But where a defendant, relying upon a supposed technical defect in the allegations or proof of the plaintiff, withholds an absolutely conclusive defense, known to him at the time of trial, and then immediately available to him without inconvenience or expense, the principle, that any doubt that may exist as to the validity or force of objections presented on appeal is to be resolved in favor of sustaining

the judgment appealed from, should be applied with more than ordinary emphasis.

We must presume that if there had not been a license, counsel for the defendant would have proved that fact by records, known by him to be in the very building in which the case was being tried, and that he would not have stood on a mere technicality, the force of which was, to say the least, debatable. For the same reason, without deciding whether the trial court was technically correct in its ruling on the evidence objected to, we hold there was no reversible error in that ruling.

*Judgment affirmed, with costs to appellee.*